CARLOS GUILLERMO BOSSIO,

    Plaintiff,

v.

IVAN TSAKHNIY and HUSKY EXPRESS TRANSPORTATION LLC.,

    Defendants.

_____/

IN THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2021-009975-CA-01

## AMENDED COMPLAINT FOR DAMAGES

Plaintiff, CARLOS GUILLERMO BOSSIO, by and through undersigned counsel, sues Defendants, IVAN TSAKHNIY and HUSKY EXPRESS TRANSPORTATION LLC, and alleges as follows:

1. This is an action for damages in excess of $30,000.00 exclusive of costs and interest.

2. At all times material hereto, Plaintiff, CARLOS GUILLERMO BOSSIO, was and is a resident of Miami-Dade County, Florida, and otherwise sui juris.

3. At all times material hereto, Defendant, HUSKY EXPRESS TRANSPORTATION LLC, was and is a Foreign Limited Liability Company operating a trucking and transportation business, with an address of 6778 Roanoake Court, Gurnee, IL 60031, in Miami-Dade County, Florida.

4. Venue is proper in this Circuit, because the incident that gives rise to this action occurred in Miami-Dade County, Florida

5. This Court has jurisdiction over the Defendant, IVAN TSAKHNIY, because the Defendant committed a tort in this State.



6. This Court has jurisdiction over the Defendant, HUSKY EXPRESS TRANSPORTATION LLC, because the Defendant committed a tort in this State.

7. At all times material, on or about August 11, 2020, while loading/unloading cargo and checking documentation for a delivery on the subject premises, Plaintiff, CARLOS GUILLERMO BOSSIO, fell to the ground when a delivery truck owned by Defendant, HUSKY EXPRESS TRANSPORTATION LL, unexpectedly accelerated, causing significant and permanent injuries.

8. Defendant, HUSKY EXPRESS TRANSPORTATION LLC, and the driver of the delivery vehicle Defendant, IVAN TSAKHNIY, failed to ensure that Plaintiff, CARLOS GUILLERMO BOSSIO, was not inside the delivery vehicle before the vehicle unexpectedly & dangerously accelerated while attempting to depart the cargo loading area.

9. Defendant, HUSKY EXPRESS TRANSPORTATION LLC, and the driver of the delivery vehicle Defendant, IVAN TSAKHNIY, failed to ensure the delivery vehicle was secure before attempting to depart the cargo loading area.

10. As a result of the Defendants', HUSKY EXPRESS TRANSPORTATION LLC, and IVAN TSAKHNIY, failure to properly maintain the subject vehicle and/or warn of the dangerous condition(s), Plaintiff, CARLOS GUILLERMO BOSSIO, suffered serious injuries.

### COUNT I – NEGLIGENCE AGAINST IVAN TSAKHNIY

Plaintiff, CARLOS GUILLERMO BOSSIO, re-alleges and adopts paragraphs one (1) through ten (10) of this Complaint, as though fully set forth herein and alternatively and/or concurrently states:

11. At all times material, Defendant, IVAN TSAKHNIY, owed a duty to Plaintiff, CARLOS GUILLERMO BOSSIO, to exercise reasonable and ordinary care to keep and maintain or

2

operate their vehicle in a reasonably safe condition and to warn Plaintiff of an unsafe condition upon the vehicle which the Defendant, IVAN TSAKHNIY, knew or in the exercise of reasonable care should have known, of its existence.

12. At the subject time and place Defendant, IVAN TSAKHNIY, negligently operated and/or maintained the subject delivery truck at the time of the accident, which led to the incident with Plaintiff, CARLOS GUILLERMO BOSSIO, causing Plaintiff's injuries.

13. As a direct and proximate result of Defendant's, IVAN TSAKHNIY, negligence Plaintiff, CARLOS GUILLERMO BOSSIO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of personal property and aggravation of a previously existing condition and all other damages available under Florida law. These losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff, CARLOS GUILLERMO BOSSIO, demands judgment for damages against Defendant, IVAN TSAKHNIY, in excess of this Court's minimal jurisdictional limits, interest, costs as allowed by law and all other damages available under Florida law, and demands trial by jury of all issues so triable.

### COUNT II – VICARIOUS LIABILITY
### AGAINST DEFENDANT HUSKY EXPRESS TRANSPORTATION LLC

Plaintiff, CARLOS GUILLERMO BOSSIO, re-alleges and re-adopts paragraphs one (1) through ten (10) of this Complaint, as though fully set forth herein and alternatively and/or concurrently states:

14. At all times material hereto, Defendant IVAN TSAKHNIY, was employed by

3

Defendant, HUSKY EXPRESS TRANSPORTATION LLC, or was a contractor, agent, apparent agent, servant, and/or representative of Defendant, HUSKY EXPRESS TRANSPORTATION LLC, acting pursuant to HUSKY EXPRESS TRANSPORTATION LLC's control and/or authority.

15. At the time of the accident described above, Defendant, IVAN TSAKHNIY, was performing an act of the kind pursuant to his agreement and representation of/with Defendant, HUSKY EXPRESS TRANSPORTATION LLC.

16. Defendant, IVAN TSAKHNIY, owed to the Plaintiff the standard of care to operate the subject delivery truck in a safe manner.

17. Defendant, HUSKY EXPRESS TRANSPORTATION LLC, is vicariously liable for the negligence of its employee, contractor, agent, apparent agent, servant, and/or representative, Defendant, IVAN TSAKHNIY, who carelessly and negligently operated the subject vehicle causing serious and permanent injuries to Plaintiff, CARLOS GUILLERMO BOSSIO.

18. As a direct and proximate result of Defendant's, IVAN TSAKHNIY, negligence, for which Defendant, HUSKY EXPRESS TRANSPORTATION LLC, is responsible, Plaintiff, CARLOS GUILLERMO BOSSIO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of personal property and aggravation of a previously existing condition. These losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff, CARLOS GUILLERMO BOSSIO, demands judgment for damages against Defendant, HUSKY EXPRESS TRANSPORTATION LLC, in excess of this Court's minimal jurisdictional limits, interest, costs as allowed by law and all other damages

4

available under Florida law and demands trial by jury of all issues so triable.

## COUNT III – FAILURE TO SUPERVISE AND TRAIN
## AGAINST DEFENDANT HUSKY EXPRESS TRANSPORTATION LLC

Plaintiff, CARLOS GUILLERMO BOSSIO, re-alleges and re-adopts paragraphs one (1) through ten (10) of this Complaint, as though fully set forth herein and alternatively and/or concurrently states:

19. Defendant, HUSKY EXPRESS TRANSPORTATION LLC, by and through its employees, agents, apparent agents, servants, and/or representative, had and undertook the duty of reasonable care to the public in general and to Plaintiff, CARLOS GUILLERMO BOSSIO, in appropriately training, supervising, and observing its employees, agents, apparent agents, and/or representatives who would be operating vehicles.

20. Defendant, HUSKY EXPRESS TRANSPORTATION LLC, knew or should have known that appropriate and timely training, observation, and supervision, would reveal that Defendant, IVAN TSAKHNIY, was not a qualified driver, had not received sufficient training, was not being properly supervised, and/or was not observed in the performance of his work as a HUSKY EXPRESS TRANSPORTATION LLC driver.

21. Specifically, Defendant, HUSKY EXPRESS TRANSPORTATION LLC, breached their duty owed to the general public and to Plaintiff, CARLOS GUILLERMO BOSSIO, by negligently failing to properly train and supervise Defendant, IVAN TSAKHNIY, to ensure among other things, that he did not undertake to drive and/or drop off cargo in an unsafe manner.

22. Additionally, Defendant, HUSKY EXPRESS TRANSPORTATION LLC, breached its duty owed to the general public and to Plaintiff, CARLOS GUILLERMO BOSSIO, in one or more of the following ways:

   a. Failing to properly instruct and train drivers on appropriate and safe procedures;

   b. Otherwise failing to use reasonable care in promoting safe and proper driving.

23. As a direct and proximate result of Defendant's, IVAN TSAKHNIY, negligence, for which Defendant, HUSKY EXPRESS TRANSPORTATION LLC, is responsible, Plaintiff, CARLOS GUILLERMO BOSSIO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of personal property and aggravation of a previously existing condition. These losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff, CARLOS GUILLERMO BOSSIO, demands judgment for damages against Defendants, IVAN TSAKHNIY and HUSKY EXPRESS TRANSPORTATION LLC, in excess of this Court's minimal jurisdictional limits, interest and costs as allowed by law, and demands trial by jury of all issues so triable.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial on all issues triable as of right by a jury.

DATED this 9th day of September 2021.

                Respectfully,

                **Jimenez, Hart, & Mazzitelli LLP**
                *Attorneys for Plaintiff*
                7700 N. Kendall Drive
                Suite 505
                Miami, FL 33156
                Telephone: (305) 548-8750
                Fax: (786) 800-3890

                /s/ *Benjamin Mordes*
                Benjamin Mordes (FBN: 75370)
                Benjamin@jhmllp.com