UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-23850-CIV-MARTINEZ

CARLOS GUILLERMO BOSSIO,

    Plaintiff,

v.

IVAN TSAKHNIY and HUSKY EXPRESS
TRANSPORTATION LLC,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendant Husky Express Transportation LLC's Motion to Dismiss Count IIII for Failure to State a Claim. (ECF No. 6). For the following reasons, the Motion to Dismiss is **GRANTED**.

## BACKGROUND

Plaintiff Carlos Guillermo Bossio alleges that on August 11, 2020, he was "loading/unloading cargo and checking documentation for delivery" when he "fell to the ground [after] a delivery truck owned by [Husky] unexpectedly accelerated, causing significant injuries." (Compl. ¶ 7). Plaintiff alleges that Defendants Husky and Ivan Tsakhniy failed to ensure Plaintiff was not inside the delivery vehicle and failed to ensure that the delivery vehicle was secure before accelerating and departing the cargo loading area. (*Id.* ¶¶ 8–10). Plaintiff allegedly incurred damages from his fall. (*Id.* ¶¶ 13, 18, 23). He asserts three causes of action: (1) against Tsakhniy for negligence; (2) against Husky as vicariously liable for Tsakhniy's negligence; and (3) against Husky for the failure to supervise and train Tsakhniy. (*Id.* ¶¶ 11–23). Defendant Husky moves to dismiss Count 3, arguing Plaintiff fails to state a claim. (Mot., ECF No. 6 at 3–5).

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), the Court will grant a motion to dismiss if the complaint fails to state a claim for which relief can be granted. To survive dismissal, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At this stage of the case, "the question is whether the complaint 'contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Worthy v. Phenix City*, 930 F.3d 1206, 1217 (11th Cir. 2019) (alteration adopted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In ruling on a motion to dismiss, the Court "accepts the factual allegations in the complaint as true and construes them in the light most favorable to plaintiff." *Speaker v. U.S. HHS CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

## **DISCUSSION**

Defendant Husky argues that Plaintiff fails to state a claim for negligent supervision because Plaintiff does not allege Tsakhniy acted outside the scope of his employment. (Mot. at 3–4). For support, Husky points to Plaintiff's allegation in Count 2 that Tsakhniy "was performing an act of the kind pursuant to his agreement and representation of [Husky]." (Compl. ¶ 15; Mot. at 4). In response, Plaintiff argues that the Court should not consider the allegations in Count 2 when deciding whether Count 3 states a claim because at the motion-to-dismiss stage, he is allowed to plead inconsistent or alterative theories of relief. (Resp., ECF No. 8 at 4).

To state a claim for negligent supervision, Plaintiff must allege that the "employee's wrongful conduct [was] committed outside the scope of employment." *Buckler v. Israel*, 680 F. App'x 831, 834 (11th Cir. 2017) (citation omitted). Plaintiff is correct that Federal Rule of Civil Procedure 8(d) "permits the pleading of both alternative and inconsistent claims." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009). But even when the Court disregards the

2

inconsistent allegations, Plaintiff does not allege that Tsakhniy acted outside the scope of his employment when he supposedly acted wrongfully. Accordingly, Count 3 fails to state a claim for negligent supervision. *See Harrison v. Red Bull Distrib. Co.*, No. 19-cv-17, 2019 U.S. Dist. LEXIS 38124, at *4 (M.D. Fla. Mar. 11, 2019) (dismissing negligent supervision claim for failure to allege employee committed acts outside the scope of his employment).

In addition, Defendant argues that the claim for negligent training does not allege how Defendant failed to train its drivers or what procedures Defendant should have had in place to ensure Tsakhniy's adequate training. (Mot. at 4–5). "Negligent training occurs when an employer was negligent in the implementation or operation of the training program." *Gutman v. Quest Diagnostics Clinical Labs., Inc.*, 707 F. Supp. 2d 1327, 1332 n.4 (S.D. Fla. 2010) (quoting *Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11th Cir. 2005)). Generally, "an employer's 'duty' for purposes of a negligent training claim arises when (1) the employer affirmatively imposes some obligation on itself by adopting a training program or policy, or (2) when a duty is imposed by law." *Fogle v. IBM Corp.*, No. 19-cv-2896, 2020 U.S. Dist. LEXIS 130791, at *16 (M.D. Fla. July 24, 2020).

Plaintiff alleges that Husky failed to "properly train and supervise [Tsakhniy] to ensure . . . he did not undertake to drive and/or drop off cargo in an unsafe manner." (Compl. ¶ 21). Plaintiff further alleges that Husky failed to "properly instruct and train drivers on appropriate and safe procedures," and "[o]therwise fail[ed] to use reasonable care in promoting safe and proper driving." (Compl. ¶ 22). Due to Tsakhniy's negligence, Plaintiff alleges he was injured. (Compl. ¶ 23). In sum, the Complaint does not state a claim for negligent training because it does not allege any training program negligently implemented by Defendant or allege that this negligence was sufficiently connected to Plaintiff's purported damages.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that

1. Defendant's Motion to Dismiss, (ECF No. 6), is **GRANTED as stated herein**. **Count 3 is dismissed without prejudice**.

2. Plaintiff may move for leave to file an Amended Complaint **on or before March 21, 2022**, curing the pleading deficiencies identified in this Order. To the extent Plaintiff seeks to pursue both claims for negligent supervision and negligent training, he shall plead these claims in separate counts. If Plaintiff moves for leave to amend, he must comply with Local Rule 15.1.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14 day of March, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All counsel of record